1

2

3

4

5            **UNITED STATES DISTRICT COURT**

6                 **DISTRICT OF OREGON**

7                **PORTLAND DIVISION**

8

| | | |
|---|---|---|
| HOMESALES, INC., | ) | |
| Plaintiff, | ) | **No. 03:10-cv-00792-HU** |
| vs. | ) | |
| RALPH D. MITCHELL; ALL PERSONS IN POSSESSION; | ) | |
| Defendants. | ) | |
| _____ | ) | |
| RALPH D. MITCHELL, | ) | **ORDER FOR REMAND** |
| Third-Party Plaintiff, | ) | |
| vs. | ) | |
| HOMESALES, INC., a foreign corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a foreign corporation; CHASE BANK, USA, N.A., a foreign corporation; and CHASE HOME FINANCE, LLC, a foreign corporation; | ) | |
| Third-Party Defendants. | ) | |

_____

1 - ORDER REQUIRING BRIEFING

Holger Uhl
McCarthy & Holthus, LLP
8995 S.W. Miley Rd., Suite 103
Wilsonville, OR 97070

John M. Thomas
Routh Crabtree Olsen, P.C.
621 S.W. Alder Street, Suite 800
Portland, OR 97205

        Attorneys for Plaintiff

David B. Shannon
Todd & Shannon
516 S.E. Morrison, Suite 930
Portland, OR 97214

        Attorney for Defendant and
        Third-Party Plaintiff

Ian H. Kyle
John M. Thomas
Routh Crabtree Olsen, P.C.
621 S.W. Alder Street, Suite 800
Portland, OR 97205

        Attorneys for Third-Party
        Defendants


HUBEL, Magistrate Judge:

        On July 9, 2010, the Third-Party Defendants removed the above-
captioned case to this court, asserting the court has federal
question jurisdiction under 28 U.S.C. § 1441(b).  Dkt. #1.  The
only pleading attached to the Notice of Removal was the
"Defendant's Answer and Counterclaim and Third-Party Plaintiff's
Complaint," in which the Defendant Mitchell asserts counterclaims
against Homesales, Inc., and third-party claims against all of the
other Third-Party Defendants.  Notably, the original petition filed
by Homesales against Mitchell was not attached to the Notice of

2 - ORDER REQUIRING BRIEFING

1    Removal.  It appears the Third-Party Defendants are attempting to
2    remove *only* the third-party action, and not the original action.

3        The scheduling of deadlines in the case was delayed several
4    times  at  the  parties'  request  while  they  engaged  in  largely
5    unsuccessful  settlement  negotiations.   One defendant, Northwest
6    Trustee Service, Inc., was dismissed from the case on November 23,
7    2010, with the consent of all parties.  Dkt. #24.

8        On November 4, 2010, the Third-Party Defendants filed a motion
9    to dismiss Mitchell's counterclaim and third-party claims.  Dkt.
10   #17; *see also* Dkt. #18, supporting memorandum, and Dkt. #19,
11   request for judicial notice of certain documents.  Mitchell filed
12   a response to the motion on July 25, 2011.  Dkt. #32.

13       Preliminarily, however, the court raised *sua sponte* the issue
14   of whether the court has subject matter jurisdiction of this action
15   at  all.   "The  court  has  an  independent  obligation  to  examine
16   whether  it  has  subject  matter  jurisdiction  before  deciding  any
17   issue on the merits."  *Abraham v. Nat'l Collegiate Athletic Ass'n*,
18   slip op., No. CV-11-359-ST, 2011 WL 1357469, at *1 (D. Or. Apr. 11,
19   2011) (Stewart, M.J.) (citing *Valdez v. Allstate Ins. Co.*, 372 F.3d
20   1115,  1116,  (9th  Cir.  2004)).   "If  at  any  time  before  final
21   judgment it appears that the district court lacks subject matter
22   jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

23       The removal statute provides that a case "may be removed by
24   the defendant or the defendants."  28 U.S.C. § 1441(a).  Several
25   courts have examined the issue of whether third-party defendants
26   fall within the definition of "defendants" for purposes of section
27   1441(a).   In *Columbia State Bank v. Daybreak Estates, LLC*, slip
28   op.,  No.  10-cv-1284-AC,  2011  WL  832132  (D.  Or.  Feb.  9,  2011)

3 - ORDER REQUIRING BRIEFING

1  (Acosta, M.J.), the court examined the issue in some detail,
2  including discussing existing case law on the issue, and "adopt[ed]
3  the majority position that the phrase 'the defendant or the
4  defendants' in § 1441(a) is limited to the original defendant or
5  defendants and that third-party defendants lack the authority to
6  remove state court actions under this statute." *Id.* at *7.

7      The Ninth Circuit has not addressed this specific issue.
8  However, in *California v. Keating*, 986 F.2d 346 (9th Cir. 1993),
9  the court observed that under the "voluntary/involuntary rule," a
10  case that is "transformed into an action 'arising under' federal
11  law not by the voluntary action of the plaintiff, but instead by
12  action of a defendant" - *e.g.*, by filing a counterclaim that
13  contains claims arising under federal law - "must remain in state
14  court." *Id.*, 986 F.2d at 348.

15      "The removal statute is strictly construed against removal
16  jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome,*
17  *Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citing *Sygenta Crop*
18  *Prot., Inc. v. Henson*, 537 U.S. 28, 32, 123 S. Ct. 366, 154 L. Ed.
19  2d 368 (2002); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d
20  831, 838 (9th Cir. 2004)).   As the parties invoking federal
21  jurisdiction, the burden is on the Third-Party Defendants to
22  establish that removal is proper. *Id.*; *Gaus v. Miles, Inc.*, 980
23  F.2d 564, 566 (9th Cir. 1992). Accordingly, the court ordered the
24  Third-Party Defendants to file a brief in support of their
25  assertion that this court has subject matter jurisdiction over the
26  instant action.

27
28

4 - ORDER REQUIRING BRIEFING

1    The Third-Party Defendants filed their brief on August 15,
2    2011.  Dkt. #40.  Mitchell did not file a timely response, and the
3    matter is now under advisement.

4    The Third-Party Defendants argue this court has federal
5    question jurisdiction based on Mitchell's claims under the federal
6    Truth in Lending Act (TILA), 15 U.S.C. § 1601, and the Real Estate
7    Settlement Procedures Act (RESPA), 12 U.S.C. § 2601.  *Id.*, p. 2.
8    As discussed above, however, Mitchell's addition of federal claims
9    in his counterclaim and third-party claims did nothing to change
10   the original nature of the action.  The original action was filed
11   solely under state law, and that is what controls.  The Third-Party
12   Defendants attempt to distinguish *Keating* by arguing that Homesales
13   never reasonably expected that Mitchell would raise federal claims
14   "*within that same action*" as the original case.  *Id.*, p. 5
15   (emphasis in original).  They further argue that if the case is
16   remanded, the state court will have to "interpret and apply
17   intricate federal statutes such as the Truth in Lending Act." *Id.*,
18   p. 3.  These arguments are unavailing.  The defenses and counter-
19   claims Homesales contemplated that Mitchell might assert in the
20   case are irrelevant.

21   Moreover, the state courts are perfectly competent to decide
22   the issues of federal law raised in this action.  Indeed, the
23   courts of Oregon have addressed issues arising under TILA and RESPA
24   on numerous occasions.  *See, e.g.*, *Washington Mutual Bank v.*
25   *Freitag*, 242 Or. App. 538, ___ P.3d ___, 2011 WL 1662120 (May 4,
26   2011) (considering whether loans for construction of two beach
27   homes were subject to TILA and RESPA); *Vasquez-Lopez v. Beneficial*
28   *Oregon, Inc.*, 210 Or. App. 553, 152 P.3d 940 (2007) (state court

5 - ORDER REQUIRING BRIEFING

1    held jury trial on state law and TILA issues); *Porter v. Hill*, 314
2    Or. 86, 838 P.2d 45 (1992) (considering whether late payment charge
3    imposed by attorney on client's balance due was subject to TILA
4    disclosure requirements); *Vaughn v. U.S. Nat'l Bank of Oregon*, 79
5    Or. App. 172, 718 P.2d 769 (1986) (TILA action by credit card
6    holder for unauthorized use of his credit card by third party);
7    *Mortgage Mint Corp. v. Morgan*, 76 Or. App. 174, 709 P.2d 1177
8    (1985) (considering, in context of lender foreclosure action,
9    whether borrowers waived right of rescission under TILA); *Long v.*
10   *Storms*, 52 Or. App. 685, 629 P.2d 827 (1981) (case for recovery of
11   attorney's fees under TILA after successful action in state court
12   to enforce TILA civil penalties); *see also Fredericks v. Universal*
13   *Underwriters Ins. Co.*, 140 Or. App. 269, 915 P.2d 472 (1996)
14   (comparing objectives of disclosure provisions of federal TILA with
15   their state and local counterparts); *Hobson v. Hobson*, 136 Or. App.
16   516, 901 P.2d 914 (1995) (comparing garnishment earnings exemption
17   under state law with federal wage garnishment limitations included
18   in the TILA).

19        The court adopts the majority position that third-party
20   defendants lack the authority to remove state court actions to
21   federal court under 28 U.S.C. § 1441(a). "Where, as here, a party
22   seeks to expand the federal court's jurisdiction, such request
23   should be rejected in the absence of clear supporting authority."
24   *Columbia State Bank*, 2011 WL 832132, at *7. The Third-Party
25   Defendants have failed to provide "clear supporting authority" to
26   support their jurisdictional claim. Accordingly, the court finds
27   the Third-Party Defendants removed this action to federal court
28   improperly, and the case is **remanded** to the Clackamas County

6 - ORDER REQUIRING BRIEFING

Circuit Court.   Because the court lacks jurisdiction over this action, it will not address the Third-Party Defendants' alternative arguments or their request that the third-party claim be severed from the primary claim.   *See id.*

     IT IS SO ORDERED.

                              Dated this 1st day of September, 2011.


                              /s/ Dennis J. Hubel
                              _____
                              Dennis James Hubel
                              Unites States Magistrate Judge

7 - ORDER REQUIRING BRIEFING