**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | | |
|---|---|---|
| HOMESALES, INC., | ) | |
| Plaintiff, | ) | **No. 03:10-cv-00792-HU** |
| vs. | ) | |
| RALPH D. MITCHELL; ALL PERSONS IN POSSESSION; | ) | |
| Defendants. | ) | |
| RALPH D. MITCHELL, | ) | **ORDER FOR REMAND** |
| Third-Party Plaintiff, | ) | |
| vs. | ) | |
| HOMESALES, INC., a foreign corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a foreign corporation; CHASE BANK, USA, N.A., a foreign corporation; and CHASE HOME FINANCE, LLC, a foreign corporation; | ) | |
| Third-Party Defendants. | ) | |

1 - ORDER REQUIRING BRIEFING

```
Holger Uhl
McCarthy & Holthus, LLP
8995 S.W. Miley Rd., Suite 103
Wilsonville, OR 97070

John M. Thomas
Routh Crabtree Olsen, P.C.
621 S.W. Alder Street, Suite 800
Portland, OR 97205

     Attorneys for Plaintiff


David B. Shannon
Todd & Shannon
516 S.E. Morrison, Suite 930
Portland, OR 97214

     Attorney for Defendant and
     Third-Party Plaintiff


Ian H. Kyle
John M. Thomas
Routh Crabtree Olsen, P.C.
621 S.W. Alder Street, Suite 800
Portland, OR 97205

     Attorneys for Third-Party
     Defendants
```

HUBEL, Magistrate Judge:

On July 9, 2010, the Third-Party Defendants removed the above-captioned case to this court, asserting the court has federal question jurisdiction under 28 U.S.C. § 1441(b). Dkt. #1. The only pleading attached to the Notice of Removal was the "Defendant's Answer and Counterclaim and Third-Party Plaintiff's Complaint," in which the Defendant Mitchell asserts counterclaims against Homesales, Inc., and third-party claims against all of the other Third-Party Defendants. Notably, the original petition filed by Homesales against Mitchell was not attached to the Notice of

2 - ORDER REQUIRING BRIEFING

Removal.  It appears the Third-Party Defendants are attempting to remove *only* the third-party action, and not the original action.

The scheduling of deadlines in the case was delayed several times at the parties' request while they engaged in largely unsuccessful settlement negotiations.  One defendant, Northwest Trustee Service, Inc., was dismissed from the case on November 23, 2010, with the consent of all parties.  Dkt. #24.

On November 4, 2010, the Third-Party Defendants filed a motion to dismiss Mitchell's counterclaim and third-party claims.  Dkt. #17; *see also* Dkt. #18, supporting memorandum, and Dkt. #19, request for judicial notice of certain documents.  Mitchell filed a response to the motion on July 25, 2011.  Dkt. #32.

Preliminarily, however, the court raised *sua sponte* the issue of whether the court has subject matter jurisdiction of this action at all.  "The court has an independent obligation to examine whether it has subject matter jurisdiction before deciding any issue on the merits."  *Abraham v. Nat'l Collegiate Athletic Ass'n*, slip op., No. CV-11-359-ST, 2011 WL 1357469, at *1 (D. Or. Apr. 11, 2011) (Stewart, M.J.) (citing *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116, (9th Cir. 2004)).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

The removal statute provides that a case "may be removed by the defendant or the defendants."  28 U.S.C. § 1441(a).  Several courts have examined the issue of whether third-party defendants fall within the definition of "defendants" for purposes of section 1441(a).  In *Columbia State Bank v. Daybreak Estates, LLC*, slip op., No. 10-cv-1284-AC, 2011 WL 832132 (D. Or. Feb. 9, 2011)

3 - ORDER REQUIRING BRIEFING

1  (Acosta, M.J.), the court examined the issue in some detail,
2  including discussing existing case law on the issue, and "adopt[ed]
3  the majority position that the phrase 'the defendant or the
4  defendants' in § 1441(a) is limited to the original defendant or
5  defendants and that third-party defendants lack the authority to
6  remove state court actions under this statute." *Id.* at *7.

7      The Ninth Circuit has not addressed this specific issue.
8  However, in *California v. Keating*, 986 F.2d 346 (9th Cir. 1993),
9  the court observed that under the "voluntary/involuntary rule," a
10 case that is "transformed into an action 'arising under' federal
11 law not by the voluntary action of the plaintiff, but instead by
12 action of a defendant" - *e.g.*, by filing a counterclaim that
13 contains claims arising under federal law - "must remain in state
14 court." *Id.*, 986 F.2d at 348.

15     "The removal statute is strictly construed against removal
16 jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome,*
17 *Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citing *Sygenta Crop*
18 *Prot., Inc. v. Henson*, 537 U.S. 28, 32, 123 S. Ct. 366, 154 L. Ed.
19 2d 368 (2002); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d
20 831, 838 (9th Cir. 2004)).  As the parties invoking federal
21 jurisdiction, the burden is on the Third-Party Defendants to
22 establish that removal is proper. *Id.*; *Gaus v. Miles, Inc.*, 980
23 F.2d 564, 566 (9th Cir. 1992). Accordingly, the court ordered the
24 Third-Party Defendants to file a brief in support of their
25 assertion that this court has subject matter jurisdiction over the
26 instant action.

4 - ORDER REQUIRING BRIEFING

The Third-Party Defendants filed their brief on August 15, 2011. Dkt. #40. Mitchell did not file a timely response, and the matter is now under advisement.

The Third-Party Defendants argue this court has federal question jurisdiction based on Mitchell's claims under the federal Truth in Lending Act (TILA), 15 U.S.C. § 1601, and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601. *Id.*, p. 2. As discussed above, however, Mitchell's addition of federal claims in his counterclaim and third-party claims did nothing to change the original nature of the action. The original action was filed solely under state law, and that is what controls. The Third-Party Defendants attempt to distinguish *Keating* by arguing that Homesales never reasonably expected that Mitchell would raise federal claims "*within that same action*" as the original case. *Id.*, p. 5 (emphasis in original). They further argue that if the case is remanded, the state court will have to "interpret and apply intricate federal statutes such as the Truth in Lending Act." *Id.*, p. 3. These arguments are unavailing. The defenses and counter-claims Homesales contemplated that Mitchell might assert in the case are irrelevant.

Moreover, the state courts are perfectly competent to decide the issues of federal law raised in this action. Indeed, the courts of Oregon have addressed issues arising under TILA and RESPA on numerous occasions. *See, e.g.*, *Washington Mutual Bank v. Freitag*, 242 Or. App. 538, ___ P.3d ___, 2011 WL 1662120 (May 4, 2011) (considering whether loans for construction of two beach homes were subject to TILA and RESPA); *Vasquez-Lopez v. Beneficial Oregon, Inc.*, 210 Or. App. 553, 152 P.3d 940 (2007) (state court

5 - ORDER REQUIRING BRIEFING

held jury trial on state law and TILA issues); *Porter v. Hill*, 314 Or. 86, 838 P.2d 45 (1992) (considering whether late payment charge imposed by attorney on client's balance due was subject to TILA disclosure requirements); *Vaughn v. U.S. Nat'l Bank of Oregon*, 79 Or. App. 172, 718 P.2d 769 (1986) (TILA action by credit card holder for unauthorized use of his credit card by third party); *Mortgage Mint Corp. v. Morgan*, 76 Or. App. 174, 709 P.2d 1177 (1985) (considering, in context of lender foreclosure action, whether borrowers waived right of rescission under TILA); *Long v. Storms*, 52 Or. App. 685, 629 P.2d 827 (1981) (case for recovery of attorney's fees under TILA after successful action in state court to enforce TILA civil penalties); *see also Fredericks v. Universal Underwriters Ins. Co.*, 140 Or. App. 269, 915 P.2d 472 (1996) (comparing objectives of disclosure provisions of federal TILA with their state and local counterparts); *Hobson v. Hobson*, 136 Or. App. 516, 901 P.2d 914 (1995) (comparing garnishment earnings exemption under state law with federal wage garnishment limitations included in the TILA).

The court adopts the majority position that third-party defendants lack the authority to remove state court actions to federal court under 28 U.S.C. § 1441(a). "Where, as here, a party seeks to expand the federal court's jurisdiction, such request should be rejected in the absence of clear supporting authority." *Columbia State Bank*, 2011 WL 832132, at *7. The Third-Party Defendants have failed to provide "clear supporting authority" to support their jurisdictional claim. Accordingly, the court finds the Third-Party Defendants removed this action to federal court improperly, and the case is **remanded** to the Clackamas County

6 - ORDER REQUIRING BRIEFING

Circuit Court. Because the court lacks jurisdiction over this action, it will not address the Third-Party Defendants' alternative arguments or their request that the third-party claim be severed from the primary claim. *See id.*

IT IS SO ORDERED.

Dated this 1st day of September, 2011.

/s/ Dennis J. Hubel
_____
Dennis James Hubel
Unites States Magistrate Judge

7 - ORDER REQUIRING BRIEFING